IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Lee Baker,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>Charles L Ryan, et al.,<br><br>　　　　　　　Respondents. | No. CV 12-0674-TUC-JGZ (BPV)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Daniel Lee Baker, an inmate confined in the Arizona State Prison in Phoenix, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to Title 28, U.S.C. § 2254. (Doc. 1)[1] Respondents have filed an answer to the petition (Answer) with exhibits A through S attached. (Doc. 11). Petitioner filed a reply (Reply) with a single attachment. (Doc. 17).

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation. (Doc. 5.)

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition as untimely.

//

//

//

---

[1] "Doc." refers to the documents in this Court's file.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Conviction, Sentencing and Appeal

Petitioner was convicted in Pima County Superior Court (CR 2004-0490) after a jury trial aggravated driving while under the influence of an intoxicant (DUI) and aggravated driving with an alcohol concentration (AC) of .08 or greater; both offenses with a suspended, revoked or restricted license. (Ex. A, ¶ 1.)[2] The trial court sentenced Baker to concurrent prison terms of 4.5 years imprisonment, enhanced by prior felony convictions, to be served consecutively to a term he was serving in another cause. (Doc. Ex. A, ¶ 1; Ex. C ).

### B. Appeal

Appointed counsel filed an appeal in compliance with *Anders v. California*, 386 U.S. 738 (1967) requesting leave to allow Petitioner to file a *pro se* supplement. (Ex. D.) Petitioner filed a *pro se* supplemental brief raising four issues: (1) that his "Fourth Amendment rights were violated and law enforcement officer did not have probable cause to arrest appellant"; (2) that the "police violated the Defendant's right to counsel when they drew blood"; (3) that "the blood test results must be suppressed because they were not taken within two hours of driving and because they were seized in violation of the 4th Amendment"; and (4) that he "was denied his constitutional right to a preliminary examination for a determination of mental competency to stand trial." (Ex. E) On November 29, 2006, the Arizona Court of Appeals affirmed Baker's convictions and sentences in a memorandum decision. (Ex. A). No petition for review was filed and the mandate issued on January 9, 2007. (Ex. F).

### C. Petition for Post-Conviction Relief

On December 7, 2006, Baker filed a notice of post-conviction relief. (Ex. G). Counsel filed a notice in lieu of petition for post-conviction relief, notifying the court that, having reviewed the record and transcripts, counsel believed that no good faith basis in fact and/or law for post-conviction relief existed, and requested leave of the court for

---

[2] Unless otherwise noted, exhibits attached to the State's Answer, are referenced throughout as "Ex. ___."

Petitioner to file a *pro se* petition. (Ex. H.) Baker filed a pro se petition for post-conviction relief ("PCR") on April 9, 2009, asserting that both trial and appellate counsel had been constitutionally ineffective for failing to assert a defense of mental incompetency. (Ex. I.) The trial court summarily dismissed the petition, and denied Petitioner's motion for reconsideration of the order summarily dismissing the petition. (Exs. K, L.)  Petitioner filed a petition for review in the Arizona Court of Appeals, challenging the trial court's denial of his Rule 32 petition. (Ex. M.) The appellate court granted review but denied relief in a memorandum decision filed on February 25, 2010. (Ex. B.) Petitioner did not seek further review of this decision and the mandate issued on April 13, 2010. (Ex. N.)

### D. State Petition for Writ of Habeas Corpus

On March 10, 2010, while Petitioner's petition for review was pending before the appellate court, Petitioner submitted a state petition for writ of habeas corpus. (Ex. O). Baker claimed that the State had destroyed his legal materials, resulting in a denial of access to the courts, preventing him from meaningful pursuit of appeals. (Ex. O, at 2) On September 8, 2012, the trial court summarily denied the petition. (Ex. Q.)

On February 7, 2012, Petitioner filed a "Motion to Resume Review of Petition for Writ of Habeas Corpus," in light of the trial court's order granting withdrawal of previously appointed counsel on January 13, 2012. (Ex. R.) The trial court denied that motion on February 21, 2012. (Ex. S.)

Because the record does not contain all of the documents related to Petitioner's state petition for writ of habeas corpus, the undersigned relies on the appellate court's procedural summary:

> In March 2010, Baker filed a petition for writ of habeas corpus in CR20040490, requesting that his sentences and convictions be vacated because the Arizona Department of Corrections had, inter alia, denied him access to his legal materials, "ultimately destroying them," and denied his requests for assistance from a paralegal. Baker also requested that the trial court "transmit records" from his civil rights proceeding in federal court to the superior court, "waive[]" the formal requirements for filing his petition, and appoint him counsel. In April, the court granted Baker's motion to

appoint counsel.

In July, Baker filed a notice stating that he had sent a letter to his appointed counsel but had received no response. The next day, counsel filed a notice stating he had "reviewed the documents received to date of what [Baker] has filed, and researched the issues," and that he had "sent Mr. Baker a letter requesting additional information from him and [was] awaiting his response." The state filed a response to Baker's pro se petition in August, and on September 8, the trial court summarily denied that petition, noting Baker had not filed a reply.

Baker then filed a pro se motion for reconsideration, requesting that the trial court "grant [his counsel] the opportunity to explain his cause for failing to timely file pleadings and/or a reply to the State's response" and, if necessary, appoint new counsel or permit him to file a pro se reply. On September 28, the court stated it "w[ould] not consider the pro se motion for reconsideration in light of [Baker]'s representation by counsel." There was no further activity in the case until in January 2012, counsel moved to withdraw, stating "[t]here are no issues to be resolved." After the court granted that motion, Baker filed a "motion to resume review of petition for writ of habeas corpus," which the court denied on February 21, stating that it "perceive[d] no basis to review a matter that has been resolved." Baker filed a notice of appeal on March 12, stating he was appealing from the court's February 21 ruling.

The appellate court found that, if construed as an appeal of the trial court's denial of his *pro se* petition for writ of habeas corpus, the time for appeal had passed and the appellate court lacked jurisdiction. (Reply, Attachment 1: Memorandum Decision July 31, 2012, at ¶ 6.) (footnote omitted) (citing Ariz. R. Civ. P. 9(a); A.R.S. § 12-2101(A)(11)(a); *James v. State*, 215 Ariz. 182, ¶ 11 (App. 2007); *Sims v. Ryan*, 181 Ariz. 330, 331 (App. 1995)).

The appellate court did not address the "sole argument available to Baker" that the court erred in denying his motion requesting that the court "resume review" of his petition because Petitioner had not raised an argument that the court "was permitted, much less required, to reopen review of a petition denied more than sixteen months prior." (*Id.* at ¶ 6.) The appellate court concluded that there were no issues that the court had jurisdiction to address, and affirmed the trial court's order denying Petitioner's

motion to "resume review" of his habeas petition. (*Id*. at ¶ 7.)

### E. Federal Proceedings

On February 17, 2009, when Petitioner's first Rule 32 proceeding was pending in state court, Petitioner filed a federal habeas corpus petition raising four claims in relation to his convictions in CR 2004–0488, CR 2004–0490, and CR 2004–2647. (CV 09-00333-PHX-SMM, (Doc. 1)). The Court screened the petition, and, upon screening, dismissed three of Petitioner's four grounds for relief as improperly asserted civil rights claims. (*Id.*, (Doc. 7)). The Court construed the entire Petition as a civil rights complaint, which it dismissed on August 10, 2010, with prejudice, for failure to state a claim. (*Id.*, Docs 22 and 23).

On June 18, 2010, Petitioner filed a federal habeas corpus petition challenging his convictions and sentences in Pima County cause number CR 2004–0490. (CV 10–00372–TUC-CKJ (BPV), Doc. 1). On June 30, 2010, the Court granted Petitioner's motion to dismiss that petition without prejudice so that he could exhaust state proceedings. (Id, Docs. 10–11).

On September 4, 2012, Petitioner placed the federal habeas corpus petition at issue in the instant proceeding in the prison mailing system. (Doc. 1, at 29.)

Petitioner raises eight grounds for relief in the Petition:

(1) Petitioner's Fifth, Fourth, and Fourteenth Amendment rights were violated when police stopped and searched his vehicle without probable cause;

(2) Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated when, after Petitioner refused a field sobriety test, he was arrested and taken to the police station for a blood draw without being allowed to first contact his attorney or his wife;

(3) Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights were violated when the police conducted an invasive search of Petitioner's body by extracting his blood for criminal investigatory purposes;

(4) Petitioner's Fifth, Sixth, Eighth, and Fourteenth Amendment rights

           were violated when Petitioner's trial counsel failed to investigate Petitioner's mental competency;

(5) Petitioner's Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated when the trial court and appellate court denied his post-conviction claims relating to his mental competency;

(6) Petitioner's First, Fifth, and Fourteenth Amendment rights were violated when Petitioner suffered the loss of "approximately 1,000 out of approximately 10,000 legal papers and effects upon arrival in the ADC";

(7) Petitioner's Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated when Petitioner was sentenced in an unconstitutional manner and his trial counsel did nothing; and

(8) Petitioner's First, Fifth, Eighth, and Fourteenth Amendment rights were violated when his legal papers were searched outside of his presence and when many of his papers were discarded.

## II.  DISCUSSION

### A.  Standard of Review

Because Baker filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997) (holding that AEDPA governs federal habeas petitions filed after the date of its enactment, April 24, 1996).

### B.  Timeliness

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody[3] pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

---

[3] For purposes of the in-custody requirement, when a habeas petitioner is serving consecutive sentences, the sentences are viewed "as composing a continuous stream." *Garlotte v. Fordice*, 515 U.S. 39, 41 (1995). Therefore, Baker is considered in custody pursuant to all of his sentences until they all are completed.

The running of this one-year statute of limitations on habeas petitions for state convictions is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court. *See* 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations is tolled during the pendency of a state court action for post-conviction relief. 28 U.S.C. § 2244(d)(2).

An application contemplated by section 2244(d)(2) is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). The United States Supreme Court has held that untimely state post-conviction petitions are not "properly filed" under AEDPA, and do not toll AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

A petitioner may be entitled to equitable tolling if he shows "1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)(quoting Pace, 544 U.S. at 418)(internal quotation marks omitted). The circumstances must be "beyond a prisoner's control" and actually cause the untimely filing, i.e., "make it impossible to file a petition on time." *Munoz v. Smith*, --- Fed.Appx. ---, 2013 WL 5228220, *1 (9th Cir. 2013); *see also, Miranda v. Castro*, 292 F.3d 1063, 1067 (9th Cir. 2002)(stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citations omitted); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

### C.   Analysis

The Magistrate Judge finds that, pursuant to the AEDPA, the Petition filed in this Court is untimely. Baker had until one year after his conviction and sentence became final to file his federal petition.

### 1. *Limitation Period Under § 2244(d)(1)(A)*

Petitioner's conviction and sentence became final on December 29, 2006, thirty (30) days after the Arizona Court of Appeals affirmed his conviction and sentence on November 29, 2006, when the time for filing a petition for review to the Arizona Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A) (federal habeas petition must be filed within one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); Ariz.R.Crim.P. 31.19(a)(if no motion for reconsideration has been filed, petition for review to Arizona Supreme Court must be filed within 30 days after the Court of Appeals issues its decision)(*Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001)(judgment becomes final either by the conclusion of direct review by the highest court, including the United States Supreme Court, or by the expiration of the time to seek such review). Accordingly, Petitioner was required to file his petition for writ of habeas corpus within 1 year of the date his convictions became final, *i.e.*, one year from December 29, 2006, absent statutory tolling.

### 2. *Statutory Tolling*

#### i. **Petition for Post-Conviction Relief**

The limitations period was tolled immediately by the pendency of Petitioner's state petition for post-conviction relief. *See* 28 U.S.C. § 2244(d)(2). There was no gap between the conclusion of direct review, and Baker's properly filed notice of petition for post-conviction review. *See Isley v. Arizona Dept. of Corrections*, 383 F.3d 1054 (9th Cir. 2004)(State petition is "pending" within the meaning of 28 U.S.C. § 2244(d)(2) when properly filed notice of post-conviction relief is filed). Thus, the issue is not when direct review became final under § 2244(d)(1)(A), rather, this Court must determine how long Baker's petition for post-conviction relief was "pending" for purposes of tolling the limitations period pursuant to § 2244(d)(2).

In Arizona, when the court of appeals grants review of a petition, but denies the petition, direct review is not final until the mandate has issued. *See* Ariz.R.Crim.P. 31.23. Rule 31.23(a)(1) states that "[i]f there has been no motion for reconsideration and no

petition for review filed, the clerk of the Court of Appeals shall issue the mandate at the expiration of the time for the filing of such motion or petition." Because the appellate court issued a decision denying relief and petitioner did not seek review, the mandate issued on April 13, 2010, and concluded appellate review.

The clock under AEDPA began to run on April 13, 2010, and expired one year later on April 14, 2011. Petitioner did not file his pending Petition until September 4, 2012.[4] (Doc. 1.) Accordingly, the Magistrate Judge finds that, absent statutory or equitable tolling, the Petition is untimely.

### ii. Federal Petitions for Writ of Habeas Corpus

Petitioner's federal petitions for writ of habeas corpus (CV 10-157-TUC-CKJ (BPV); CV 10-0372-TUC-CKJ (BPV)) could not toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2). The limitations period is tolled only for the pursuit of state remedies, and not during the pendency of applications for federal review. 28 U.S.C. § 2244(d)(2); *Duncan v. Walker*, 533 U.S. 167 (2001). Additionally, the instant habeas petition does not "relate back" to either of the federal habeas petitions, arguably timely filed, and render the instant petition timely filed. Both petitions were voluntarily dismissed by Petitioner in order to allow Petitioner to exhaust his state remedies. A second habeas petition does not relate back to a first habeas petition when the first habeas petition has been dismissed for failure to exhaust. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (when first petition was voluntarily dismissed, there was no pending petition to which the new petition could relate back or amend); *Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001)(when first petition is no longer pending, there is no petition to relate back to).

### iii. State Petition for Writ of Habeas Corpus

Respondents apparently concede that Petitioner's state petition for writ of habeas corpus tolled the limitations period. *See* (Answer, at 4) (explaining that the limitations

---

[4] Under the "prison mailbox rule" a prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court. *Houston v. Lack*, 487 U.S. 266 (1988). Petitioner's federal petition indicates he placed the federal petition in the prison mailing system on September 4, 2012.

period was tolled until the state petition for writ of habeas corpus (Ex. O) was summarily denied). The trial court summarily denied the petition on September 8, 2010, noting that the State's arguments regarding lack of jurisdiction and preclusion (Ex. P) were not disputed. (Ex. Q.) The trial court refused to consider a *pro se* motion for reconsideration on September 29, 2010 because Petitioner was represented by counsel. *See* (Exs. Q and S). Petitioner did not appeal the denial. Petitioner's failure to timely file a notice of appeal divested the Arizona Court of Appeals of jurisdiction to consider any appeal from the trial court's denial of Petitioner's state habeas corpus petition. It is established that, in Arizona, a timely notice of appeal is essential to vest the appellate court with jurisdiction to consider the appeal. *See Lount v. Strouss*, 63 Ariz. 323, 326 (1945) (appellate court is without jurisdiction to consider appeal that is not pursued in the "time and manner provided by law"); *Edwards v. Young*, 107 Ariz. 283, 284 (1971) ("It is settled in Arizona that the perfecting of an appeal within the time prescribed is jurisdictional; and, hence, where the appeal is not timely filed, the appellate court acquires no jurisdiction other than to dismiss the attempted appeal"); *James,* 215 Ariz. at 185, ¶ 11. Petitioner did not file his federal habeas petition until approximately twenty-three (23) months later. Thus, absent further tolling, the Petition is untimely.

### iv.   Motion to "Resume Review"

The trial court declined to reopen Petitioner's state petition for writ of habeas corpus when Petitioner filed his *pro se* motion to "resume review." Because this was not a "properly filled application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim," it does not toll the limitations period. Even if it had, the limitations period was tolled from February 7, 2012, until February 21, 2012, and the Petition would still be untimely by more than twenty-one (21) months. Petitioner did file an appeal from the denial of his motion to "resume review." (Ex. R.)

The appellate court found it was without jurisdiction to address Petitioner's appeal from the trial court's February 21, 2012 order as a notice of appeal seeking review of the denial of the petition for writ of habeas corpus, because it was untimely. *See Pace*, 544 U.S. at 417 (time limits, "no matter their form," are "'filing' conditions," with which

noncompliance forecloses statutory tolling); *Allen v. Siebert*, 552 U.S. 3, 4–5 (2007)("Because Siebert's petition for state postconviction relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2). Accordingly, he was not entitled to tolling of AEDPA's 1-year statute of limitations"); *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (time in which a state post-conviction relief proceeding tolls the AEDPA limitations period includes "the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law") (emphasis in original). The court did not consider whether the court erred in denying Petitioner's motion requesting that the trial court "resume review" of his petition because Petitioner had not argued that the court was permitted or required to do so. (Reply, at ¶ 6-7.) Because the court did not accept jurisdiction over the appeal, it also was not a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim," and does not toll the limitations period.

On habeas review, federal courts have no license to second-guess state-court determinations regarding the timeliness of a §2254 petitioner's state-court pleadings under that forum's procedural rules. *See Siebert*, 552 U.S. at 7; *Carey v. Saffold*, 536 U.S. 214, 226 (2002); *White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010); *Zepeda v. Walker*, 581 F.3d 1013, 1018 (9th Cir. 2009).[5] As the Supreme Court observed, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

The undersigned finds that Baker's petition for post-conviction relief was "pending" for purpose of tolling the limitations period pursuant to 2244(d)(2) until, at most, September 29, 2010, and no events thereafter occurred to statutorily toll the limitations period. Accordingly, Petitioner was required to file his federal petition for writ

---

[5] That a federal court may not second-guess the state court's determination of the timeliness of a §2254 petitioner's state-court filing is the logical extension of precedent overwhelmingly recognizing that "[f]ederal habeas courts lack jurisdiction … to review state court applications of state procedural rules." *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1998); *see also Walton v. Arizona*, 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), overruled on other grounds by *Ring v. Arizona*, 536 U.S. 584, 609 (2002); *see also Bell v. Cone*, 543 U.S. 447, 455 (2005) (a federal court may not lightly presume "that a state court failed to apply its own law").

of habeas corpus within the 1-year period of limitations by **September 30, 2011**. Baker's petition was filed in federal court on **September 24, 2012**. Petitioner did not file his federal petition for writ of habeas corpus within the 1-year statute of limitations. Unless there is a basis for equitably tolling the limitations period, Petitioner's habeas petition is untimely.

### 3. *Equitable Tolling*

To be entitled to equitable tolling, Petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007). Baker asserts that he is entitled to equitable tolling because of the ineffective representation of appointed counsel during his state habeas proceeding. *See* (Reply, at 3).

Petitioner asserts that, because the trial court refused to consider his *pro se* motion for reconsideration of the trial court's denial of his state petition for writ of habeas corpus because he was represented by counsel, he acted diligently in filing his *pro se* motion to "resume review" of his state habeas petition as soon as the trial court granted counsel's motion to withdraw. *See* (Petition, Attachment 2, at ¶¶ 37 – 44.) If the court considers the time that Petitioner was represented by counsel in state court to equitably toll the limitations period, it would result in a timely filed Petition before this Court.

A "garden variety claim" of attorney negligence is not a sufficient basis for applying equitable tolling to the § 2244(d)(1) limitation period. *Holland*, 560 U.S. at 651-651; *Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010); *Spitsyn*, 345 F.3d at 800; *Miranda*, 292 F.3d at 1068; *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001). However, attorney misconduct that is sufficiently egregious to meet the extraordinary misconduct standard can be a basis for applying equitable tolling. *Spitsyn*, 345 F.3d at 801. It is still necessary that the petitioner act with reasonable diligence and show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary

circumstances made it impossible to file a petition on time." *Porter v. Ollison*, 620 F.3d 952, 959 (2010)(citation omitted). The undersigned finds that Petitioner is not entitled to equitable tolling for this period because, even if counsel's actions were deemed sufficiently egregious for tolling purposes, they are not causally connected to Petitioners failure to timely file a § 2254 petition in federal court.

While Petitioner explains how the alleged neglect of his habeas counsel resulted in dismissal of his state habeas petition, Petitioner offers no explanation how this neglect precluded him from timely filing his federal habeas petition.  This lack of a causal connection is fatal to his equitable tolling claim. *See Randle*, 604 F.3d at 1058 (no equitable tolling where alleged negligence of counsel, in among other things, failing to perfect timely appeal and failing to provide petitioner with case files in timely manner, had little to no bearing on petitioner's ability to file timely federal habeas action). In fact, demonstrating his ability to timely file a federal petition, Petitioner did just that on July 12, 2010, challenging the state court conviction at issue here. *See* (CV 10-372-TUC-CKJ (BPV)). Because Petitioner indicated in the petition that a "Habeas Corpus/Rule 32" was pending in the trial court, *see id*., (Doc. 1) at 4, the District Court dismissed the petition as premature. *Id* at (Doc. 8). Petitioner failed to timely refile a petition at the conclusion of the state proceedings.  Neither did Petitioner ask to have his counsel withdrawn in the state matter, or to be allowed to represent himself in state court during this time.

Petitioner has not met his burden of demonstrating that the neglect of state habeas counsel caused his untimely filing. Petitioner is not entitled to equitable tolling, and his federal habeas petition is untimely. He therefore is not entitled to habeas relief.

//
//
//
//
//
//
//

### III. RECOMMENDATION

This Court recommends that the District Court, after its independent review of the record, DISMISS this action in its entirety as untimely.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b). **No reply to any response shall be filed**. *See id.* If objections are filed the parties should use the following case number: **CV 12-0674-TUC-JGZ.**

If objections are not timely filed, then the parties' right to de novo review by the District Court may be deemed waived.

Dated this 18th day of April, 2014.

_____
Bernardo P. Velasco
United States Magistrate Judge